IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| vs. | ) CRIMINAL CASE NO. 06-0278-KD-C |
| | ) |
| DAVID MARK YOUNG, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the court on consideration of the defendant's motion to continue trial (Doc. 39), to which the Government does not object.

Upon consideration of the grounds presented and the Court's record, the Court finds that the defendant, who is in custody but agrees to the continuance, will not be unduly prejudiced by a continuance to the next term; therefore, the defendant's motion is **GRANTED**, and the trial is **CONTINUED** to the January 2010 criminal trial term.

The court further finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." The reasoning for this finding is as follows.  This criminal action began with the filing of the indictment on December 27, 2006 (Doc. 1).  Even so, David Mark Young was not arrested for approximately two years and eight months, on August 26, 2009 (Doc. 21), and appeared in this Court for the first time on October 7, 2009. On that date he was, and has been, represented by retained counsel, Joe Carl Jordan, Esquire.  During arraignment, this action received its first trial setting, the December 2009 term.

Mr. Jordan now informs the Court that he needs more time to review the evidence against his client in order to present him with an informed recommendation as to how to proceed. That process has been complicated in this case by the extensive lapse of time between indictment and arrest. Thus, counsel has proffered valid reasons for an extension of the pretrial preparation period; to consider a reasonable settlement of the charges or to otherwise prepare for trial. See 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, for purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

The motion to continue and defendant's waiver of his speedy trial objections with respect to a new trial schedule filed in the record. Therefore, the Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge to schedule a new pretrial conference.

**DONE AND ORDERED** this 19th day of November, 2009.

     s/WILLIAM E. CASSADY
     UNITED STATES MAGISTRATE JUDGE