IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-00278-KD |
| | ) | (Civil Action No. 11-00463-KD-N) |
| DAVID MARK YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant/Petitioner David Mark Young's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 141). This matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of the petitioner's § 2255 motion and all other pertinent portions of the record, it is the recommendation of the undersigned that the § 2255 motion be **DISMISSED without prejudice** as premature in view of Young's pending appeal.

In the present § 2255 motion, Young seeks to have this Court "vacate [his] conviction and sentence." (Doc. 141).[1] Young filed a notice of appeal challenging his conviction and sentence on April 28, 2011 (doc. 104). Because Young's appeal is still pending, this Court lacks jurisdiction to consider and rule on Young's § 2255 motion. "[T]he time for filing a § 2255 motion begins to run after the direct appeal process is

---

[1] Young was sentenced on April 15, 2011. *See* Judgment (doc. 106) dated April 28, 2011.

complete, such that the statutory language suggests that pursuit of habeas relief should follow pursuit of direct appeal relief." United States v. Casaran-Rivas , 311 Fed.Appx. 269, 273 (11th Cir. 2009), *citing* 28 U.S.C. § 2255(f). *See also*, United States v. Dunham, 240 F.3d 1328, 1329 (11th Cir. 2001)("District court lacked jurisdiction to consider and rule on [defendant's] § 2255 motion during the pendency of her direct appeal."). *See also* Lopez v. United States, 2010 WL 2574182, *2 (S.D. Ala. May 20, 2010)("The general rule is that, absent extraordinary circumstances, criminal defendants may not seek collateral relief, including the filing of a § 2255 motion, during the pendency of a direct appeal, as the disposition of the appeal may render the motion moot."), *citing* United States v. Khoury, 901 F.2d 975, 976 n. 1 (11th Cir.), modified on other grounds, 910 F.2d 713 (11th Cir. 1990). Consequently, it is recommended that defendant's § 2255 motion be **DISMISSED without prejudice** as premature.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this  17th  day of August, 2011.


/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
# AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this  17th  day of August, 2011.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to A14 days after being served with a copy of the recommended disposition[.]@  FED.R.CIV.P. 72(b)(2).