IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | )   Criminal Action No. 06-00278-KD-C |
| | ) |
| DAVID MARK YOUNG, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the petition for Writ of *Audita Querela* filed by defendant David Mark Young (doc. 182). *Pro se* pleadings must be read liberally to determine "whether jurisdiction to consider [them] can be founded on a legally justifiable base." *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991). Therefore, the Court has an "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect,cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622,624–25 (11th Cir.1990). While Young captions his document as a "Writ of *Audita Querela*", the issues upon which he seeks relief appear to have been raised in his second motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 159)[1] Thus, the petition is actually a successive motion to vacate for which Young has not obtained permission from the Court of Appeals of the Eleventh Circuit. *See* 28 U.S.C. § 2255(h).[2] Therefore, upon consideration and for the reasons

---

[1] Young's first motion to vacate was dismissed without prejudice as premature. (Doc. 142, 144, 145)

[2] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

set forth herein, the petition is **dismissed** for lack of jurisdiction.

The writ of *audita querela* "was an ancient writ used to attack the enforcement of a judgment after it was rendered." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) (per curiam). The Writ was abolished in federal civil proceeding by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 60(e).[3] The Writ "potentially survives in the federal criminal context only under the Supreme Court's decision in *United States v. Morgan,* 346 U.S. 502 (1954), and the All Writs Act, 28 U.S.C. § 1651, to fill in the gaps in the current system of post-conviction relief" where other statutes may not provide the relief requested. *United States v. Nunn,* 2014 WL 5243339, *1 (M.D. Ala. Oct. 15, 2014) (slip copy) (citing *Holt*, 417 F.3d at 1175). Generally, "a federal prisoner may not use the writ of *audita querela* where postconviction relief is available through § 2555" motion to vacate. *Holt*, 417 F. 3d at 1175 (treating petitioner's writ of *audita querela* as a successive § 2255 motion and finding that "a petition for writ of *audita querela* may not be granted when relief is cognizable under § 2255"); *Garcia v. United States,* 588 Fed.Appx. 851, 852-853 (11th Cir. 2014) ("A writ of *audita querela* is unavailable when a prisoner's claim is of the type that is cognizable under § 2255."); *see* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

In the petition for Writ of *Audita Querela*, Young contests the constitutionality of his conviction and sentence for conspiracy to possess and distribute marijuana in violation of 21

---

[3] "(e) Bills and Writs Abolished. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela." Fed. R. Civ. P. 60(e).

U.S.C. § and § 846. (Doc. 182)  Young argues that because the Department of Justice and the Attorney General have failed to prosecute the states for allowing the cultivation and dispensing of medical marijuana or allowing recreational marijuana, because Congress enacted laws to deny funding for such prosecutions, and because the President and Congress have enacted laws to allow the states to cultivate and distribute marijuana and to allow the cultivation of marijuana on federal Indian lands, the Court should grant the Writ.

Young also argues that because of the above policy changes and public opinion toward marijuana, this Court should declare the Attorney General's continued scheduling of marijuana as a Schedule I Controlled Substance unconstitutional. Young also seeks the entry of a declaratory judgment that the Attorney General, the Executive Branch, and the Legislative Branch must remove marijuana from the list of Schedule I Controlled Substances or transfer it to the lowest listing in the schedules of 21 U.S.C. § 812, and apply this re-scheduling retroactively to 1995 when California began such activities. Young argues that the retroactive rescheduling should apply to him and that he should be resentenced in "accordance with applicable statutory provisions and penalties" for marijuana as a Class V Controlled Substance. (Doc. 182, p. 7)

Young also argues that this Court erred at sentencing by stating that only Congress could change the scheduling of marijuana because "21 U.S.C. § 811 delegates the Attorney General that right, per the DEA." (Doc. 182, p. 6)  Young argues that the Attorney General has the authority under 21 U.S.C. § 811(a), to remove marijuana from the list of Schedule I Controlled Substances or to change the listing.  He contends that due to the Court's

> incorrect application of, or misunderstanding of procedural statutory provision concerning the authority delegated to the Attorney General in transferring marijuana or any Controlled Substance to a lesser or greater schedule listing, and not dependent solely on Congressional enactment, as did also the Appeal Court, the courts' denial of Movants motion to declare marijuana as a schedule I substance as unconstitutional, at sentencing deprived Movant of application of law in equity and is due to have this Constitutional question before the court,

3

under the Writ of *Audita Querela*, as granted, with relief from the conviction and sentence.

(Doc. 182, p. 8)

With the above in mind, the Court looks to Young's motion to vacate pursuant to 28 U.S.C. 2255. Young set forth his first issue, as follows:

> 1. Challenging the ambiguity in the application Congressional Legislation as UnConstitutional in violation of the Fifth, Sixth, Ninth, Fourteenth Amendments & Discrimination, by the Executive Branch not prosecuting the several States for possessing, manufacturing, distributing & dispensing a schedule I substance, marijuana, & legalizing this schedule I substance in violation of 21 USC 801 Legislation, while at the same time, prosecuting Petitioner for the same schedule I substance.

(Doc. 159, p. 4) Similar arguments were raised in his reply to the United States' response. (Doc. 170) This constitutional challenge is substantially the same as now raised in the petition for Writ of *Audita Querela*. (Doc. 159, p. 6-9; Doc. 182)

In addition, Young's claim of ineffective assistance of counsel in his § 2255 motion is based upon substantially the same argument. Young argued that his counsel was ineffective in raising an unsuccessful equal protection objection at sentencing when counsel argued that because the Federal Government allowed the State of California to dispense medical marijuana without being federally prosecuted, the Court should treat marijuana as a Schedule V Controlled Substance, and sentence Young accordingly. The objection was overruled but preserved for appeal. (Doc. 177, p. 6-7, Sentencing Transcript; Doc. 159, p. 10-11) Young also argued that his counsel was ineffective for failing to correct the Court's alleged erroneous statement at sentencing that Congress had the authority to change the controlled substance schedules, when the Attorney General had the authority, and for failing to raise the issue on appeal. (Doc. 159, p.

4

Case 1:06-cr-00278-KD-N   Document 183   Filed 04/30/15   Page 5 of 7

31-35)[4]

These arguments,[5] among others, were addressed in the Report and Recommendation, which was adopted by the Court. (Docs. 172, 176, 177) Young appealed that decision but the Court of Appeals for the Eleventh Circuit denied Young's motion for Certificate of Appealability "because he has failed to make a substantial showing of the denial of a constitutional right" and denied as moot, his motion for leave to proceed *in forma pauperis*. (Doc. 181)

Additionally, ". . . the writ of *audita querela* is available only 'to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose *after the judgment was issued.*'" *Nunn,* 2014 WL 5243339 at *1, n.1 (quoting *Carrington v. United States,* 503 F. 3d 888, 890, n.2 (9th Cir. 2007)).  Young admits that the issue of the constitutionality of the continued scheduling of marijuana as a Schedule I Controlled Substance was raised before sentencing and at sentencing.  Marijuana has not been re-scheduled.  Therefore, the judgment has not later become incorrect because of circumstances that arose after the judgment was issued. (See Doc. 55, Young's "Sentencing Memorandum in Support of Challenge to Courts Jurisdiction" wherein Young argues that this Court did not have jurisdiction to sentence him pursuant to 21 U.S.C. § 841(a)(1) because the Attorney General should have rescheduled marijuana to a lesser schedule or removed it from the list of Schedule I Controlled

---

[4] Young refers to the Court's statement at sentencing that he was asking the Court to "rewrite the code, which is only Congress's place to rewrite the code." (Doc. 177, p.7)

[5] "Young argues, in sum, that, in view of the many States that have legalized marijuana for medical use or otherwise, '[t]he continued prosecution of citizens in any state for violation of federal drug laws in connection with the possession & distribution of marijuana under any federal substance schedule is discrimination of civil rights & intentional violation of the Ninth & Fourteenth Amendment[s] for purposely failing to ensure the Equal Protection of the Law for all citizens as a whole.' (Doc. 159 at 8). Young thus challenges the constitutionality of 21 U.S.C. §§ 812(b) and 841(b)(1)(B)(vii) as applied and, specifically the classification of marijuana as a Schedule I substance. (Docs. 159 at 5, 170 at 1-5)." (Doc. 172, p.5, n.5, Report and Recommendation)

5

Substances because marijuana no longer met the statutory prerequisites in 21 U.S.C. § 812(a) and (b) for that schedule; amended at Docs. 86, 96); (Doc. 81, Young's motion to dismiss the indictment on basis that the "Federal Government is violating his constitutional rights by holding [him] criminally liable for possessing marijuana (a schedule I controlled substance. ) . . . while . . . "intentionally and willfully choosing not to hold other individuals or entities criminally liable for the same offense" and referencing the State of California and 15 other states that allow marijuana for medical purposes in violation of the same Criminal Code section by which the United States was prosecuting Young; amended at Docs. 85, 91)[6]

Also, the Writ may be invoked only where there is a legal objection to a conviction and not equitable grounds for relief. *United States v. Baussan*, 2011 WL 3715082, *2 (M.D. Fla. Aug. 24, 2011) (citing decisions from the First, Second, Fifth, Seventh, and Ninth Circuit Courts of Appeal and the District of Columbia); *Borders v. United States,* 2012 WL 2088669, *4 (N.D. Ga. Mar. 16, 2012); *United States v. Abel,* 2010 WL 883816, *3 (M.D. Fla. Mar. 8, 2010). In that regard, Young argues that the

> question of law and equity, with the funds denied for federal use, is the determination by this court: "Should the federal government be allowed to continue prosecuting marijuana cases based on the discriminatory application of law while marijuana is still classified as a schedule I substance, or apply law in equity by declaring the continued classification of marijuana as a schedule I substance as UnConstitutional?"

(Doc. 182, p. 7).

Nevertheless, before this Court may address a successive § 2255 motion, especially one which appears based upon the substantially the same constitutional arguments raised in the

---

[6] The motions to dismiss the indictment were denied (doc. 98).

second § 2255 motion, Young must file a motion in the Eleventh Circuit Court of Appeals and obtain an order authorizing this Court to consider his successive § 2255 motion. *See* 28 U.S.C. § 2255(h) and 2244(b)(3); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir.2005); *Carter v. United States*, 405 F. Appx. 409 (11th Cir. 2010); Rule 9 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* (a party must obtain authorization from the appropriate court of appeals before presenting a second or successive motion). Young has not provided the Court with proof of such authorization. Accordingly, his motion is dismissed for lack of jurisdiction.

    **DONE** this the 30th day of April 2015.

                                                      s/ Kristi K. DuBose
                                                      **KRISTI K. DuBOSE**
                                                      **UNITED STATES DISTRICT JUDGE**